**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAMON L. HAYWOOD,
                    Appellant,

v.

SOCIAL SECURITY
      ADMINISTRATION,
                    Agency.

DOCKET NUMBER
SF-0752-25-0136-I-1

DATE:  March 4, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Damon L. Haywood, Houston, Texas, pro se.

Jacob M. Mikow, Esquire, Oakland, California, for the agency.

Jill Sausser, Esquire, Atlanta, Georgia, for the agency.

Hassan Abdale, Baltimore, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal.  On petition for review, he argues that newly discovered

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

evidence supports his claim of innocence of the criminal offense for which he was removed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency removed the appellant based on his criminal conviction and adopt the initial decision's alternate analysis that the agency proved its charge to the extent it was based on the conviction alone, we AFFIRM the initial decision.

The appellant was convicted of a crime, which was classified as a felony, in state court. Initial Appeal File (IAF), Tab 7 at 50-53. After the conviction, the agency proposed his removal and later removed him. *Id.* at 30-49. The appellant challenged the removal before the Board. IAF, Tab 1. On March 28, 2025, the administrative judge issued an initial decision affirming his removal. IAF, Tab 16, Initial Decision (ID) at 10-12. The administrative judge concluded that the agency charged him with off-duty misconduct based on the underlying facts, as proved by the conviction, because of the agency's nexus and penalty discussion. ID at 10.

We revisit this finding and conclude that the agency charged the appellant with the conviction and not the underlying facts proved by it. We base this determination on a plain reading of the proposal letter. *See Johnston v.*

*Government Printing Office*, 5 M.S.P.R. 354, 357 (1981) (noting that an attempt to discern the meaning of a charge starts with a plain reading of the proposal letter). The proposed removal charged the appellant with "Misconduct Based on Criminal Conviction." IAF, Tab 7 at 39. This language suggests that the action was based on criminal conviction alone because it does not mention the facts underlying it. However, the wording of a charge is not dispositive. A charge must be analyzed in terms of the underlying specifications and circumstances, not technically construed with respect to the charge's title. *See Creggett v. Department of the Army*, 41 M.S.P.R. 584, 587 (1989).

Next, we turn to the language of the specification. The agency listed a single specification in the proposed removal: "On May 24, 2024, you pleaded guilty and were convicted of 'Enticing a Child Through Communication Device.'" IAF, Tab 7 at 39. Like the charge's title, this language focused on the guilty plea and conviction. A plain reading of the specification suggests that the agency could meet its burden of proof only by proving that the appellant entered a guilty plea and was convicted of the specified offense.

Finally, we address the proposed removal's background section, which further supports our interpretation. *Id*. at 39-41. This section provides a chronological summary of the relevant events between the appellant's arrest and sentencing. *Id*. It does not provide detailed information about the underlying facts of the criminal count of which he was convicted. *Id*. at 40. Indeed, it does not identify when the alleged conduct occurred, how often it occurred, the nature of the communications, or details regarding the individual who received the communications. Rather, it stated that the appellant appeared in court with his attorney and was advised of his rights before entering a guilty plea. *Id*. For these reasons, we modify the initial decision to find that the agency removed the appellant based on his criminal conviction and not the facts underlying it.

Although the administrative judge concluded that the agency met its burden to prove the facts underlying the appellant's criminal conviction, he also made an

alternate finding that the agency proved its charge to the extent the charge was based on the conviction alone. ID at 11. We adopt this alternate finding. Furthermore, the initial decision's nexus and penalty analyses encompassed a charge based on a criminal conviction, and we discern no reason to disturb them.

On review, the appellant asserts that he has obtained newly discovered evidence that challenges the validity of his criminal conviction. Petition for Review (PFR) File, Tab 1 at 1-2. He claims that new video and audio recordings show law enforcement officers threatening him and his family if he did not plead guilty.[2] *Id.*

The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). As the agency notes, the appellant previously cited this video and audio evidence in his close of record submission. PFR File, Tab 4 at 5 (citing IAF, Tab 12 at 1). Therefore, it does not qualify as new and material evidence not previously available.

Regardless, the Board has no jurisdiction to litigate an appellant's claim of actual innocence in a criminal matter. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).

---

[2] The appellant did not include this evidence with his petition for review.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.